UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the Plumbers Local 98
Defined Benefit Pension Fund,

     Plaintiffs,

v.                          Case No. 08-12577

Wolf Mechanical, Inc. *et al.*,         Honorable Sean F. Cox

     Defendants.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO THE CORPORATE DEFENDANTS ONLY

This matter is currently before the Court on "Plaintiffs' Motion for Summary Judgment Against Defendants Wolf Mechanical, Inc., Wolf Plumbing, Inc. And Dawn Valasin For Withdrawal Liability."  As explained below, after the motion was filed, Dawn Valasin filed for bankruptcy.  Thus, this action is automatically stayed as to her and the other individual defendant, Rodney Wolf.  The action is not stayed as to the two corporate defendants and neither of the corporate defendants have opposed Plaintiffs' properly supported Motion for Summary Judgment.  For the reasons below, the Court shall GRANT the motion as to the two corporate defendants (Counts I and II), but DENY the motion as to the individual defendants (Count III).

BACKGROUND

This is the second case involving these same parties.  Wolf Mechanical, Inc. is a Michigan Corporation.  Rodney Wolf is the principal owner and officer of Wolf Mechanical, Inc. Wolf Mechanical, Inc. stopped operating in June, 2006.

1

Wolf Plumbing, Inc. began operating in July 2006.  Dawn Valasin, Rodney Wolf's live-in girlfriend, is listed as the sole owner of Wolf Plumbing, Inc.  (10/10/07 Opinion & Order in Case No. 06-12005).

Plaintiffs are the Trustees of the Plumbers Local 98 Defined Benefit Pension Fund ("Plaintiffs" or "the Fund").  The Fund was established pursuant to the Collective Bargaining Agreement ("CBA") entered into between Local Union 98 and certain employers and employer associations, including Wolf Mechanical, Inc.  (Compl. at ¶ 7).

Case No. 06-12005:

In the first action, Plaintiffs' Second Amended Complaint sought, among other things, to recover unpaid fringe benefit contributions owed by the corporate defendants and a judgment of withdrawal liability against all of the Defendants.

The first action resolved the claim for unpaid benefit contributions.  In addition, on December 10, 2007, this Court granted Plaintiffs' Motion for Partial Summary Judgment on the issue of whether Wolf Plumbing, Inc. is an alter ego of Wolf Mechanical, Inc.  The parties, however, stipulated to dismissal without prejudice of the withdrawal liability claims.

Case No. 08-12577:

On March 3, 2008, Plaintiffs provided Defendants with a written assessment of withdrawal liability and made written demand for payment of $517,480.55 as Defendants' withdrawal liability.  (*See* Ex. J to Pls.' Motion for Summary Judgment).

After Defendants failed to remit payment, on June 17, 2008, Plaintiffs filed this action to pursue the withdrawal liability claims.  Plaintiffs' "Complaint for Withdrawal Liability" contains the following three counts: "Withdrawal Liability - Wolf Mechanical" (Count I); "Withdrawal

Liability - Wolf Plumbing" (Count II); and "Withdrawal Liability - Rodney Wolf and Dawn Valasin" (Count III).

On April 6, 2009, Plaintiffs filed a "Motion for Summary Judgment Against Defendants Wolf Mechanical, Inc., Wolf Plumbing, Inc. And Dawn Valasin for Withdrawal Liability." (Docket Entry No. 15).  In that motion, Plaintiffs acknowledged that they "cannot seek judgment against Defendant Rodney Wolf because he has recently filed for bankruptcy protection."  (*Id*. at 1).  Plaintiffs' motion thus seeks a judgment "against Wolf Plumbing, Wolf Mechanical and Dawn Valasin in favor of Plaintiffs for withdrawal liability in the amount of $517,480.55."  (*Id*. at 2).

The Court scheduled Plaintiffs' Motion for Summary Judgment to be heard on June 25, 2009.  No briefs in opposition to the motion have been filed by Defendants and the time for filing such briefs has expired.

On June 1, 2009, Defense Counsel filed a "Notice of Bankruptcy Filings by Rodney W. Wolf and Dawn Valasin."  (Docket Entry No. 22).  That document states that Dawn Valasin filed a bankruptcy petition on May 28, 2009.  It states that this action is now stayed, pursuant to 11 U.S.C. § 362, as to both Mr. Wolf and Ms. Valasin.

On June 1, 2009, Defense Counsel also submitted a letter to the Court stating: 1) that the action is stayed as to the two individual defendants; and 2) that Defense Counsel does not intend to file a response to Plaintiffs' Motion for Summary Judgment on behalf of the corporate defendants.

ANALYSIS

A.    <u>Plaintiffs' Claims Against Rodney Wolf And Dawn Valasin Are Automatically Stayed.</u>

As to the two individual Defendants, Rodney Wolf and Dawn Valasin, the claims against them are automatically stayed pursuant to 11 U.S.C. § 362. Plaintiffs' Motion for Summary Judgment conceded that the claims were stayed to as Rodney Wolf but sought a judgment against Dawn Valasin, who at that time had not yet filed for bankruptcy. She has since, however, filed for bankruptcy. Thus, to the extent that Plaintiffs' Motion for Summary Judgment seeks a judgment against Dawn Valasin (Count III), that request must be denied because there is now a stay in place following her bankruptcy filing.

B.    <u>Plaintiffs' Unopposed Motion For Summary Judgment As To The Corporate Defendants Shall Be Granted.</u>

Plaintiffs also seek, in Counts I and II, a judgment of $517,480.55, representing an award of "withdrawal liability" owed by the corporate defendants.

In certain circumstances, an employer withdrawing from a multiemployer plan incurs as "withdrawal liability" a share of the plan's unfunded vested benefits. *Concrete Pipe and Prods. of California v. Construction Laborers Pension Trust for Southern Calif.*, 508 U.S. 602 (1993); 29 U.S.C. §§ 1381, 1391. "An employer's withdrawal liability is its 'proportionate share of the plan's 'unfunded vested benefits,'" that is, "the difference between the present value of vested benefits" (benefits that are currently being paid to retirees and that will be paid in the future to covered employees who have already completed some specified period of service, 29 U.S.C. § 1053) "and the current value of the plan's assets. 29 U.S.C. §§ 1381, 1391." *Id*. at 609. Withdrawal liability is assessed by means of a notification by the plan sponsor and a demand for payment. *Id.*; 29 U.S.C. § 1399(b).

4

Here, On March 3, 2008, Plaintiffs provided Defendant Wolf Mechanical, Inc. with its written assessment of withdrawal liability and made written demand for payment of $517,480.55 as to its withdrawal liability. (*See* Ex. J to Pls.' Motion for Summary Judgment). Wolf Mechanical, Inc. failed to remit payment. In addition, in Case No. 06-12005, this Court ruled that Wolf Plumbing, Inc. is an alter ego of Wolf Mechanical, Inc. Thus, Plaintiffs seek an award of $517,480.55 with respect to both Wolf Mechanical, Inc. and its alter ego, Wolf Plumbing, Inc.

As to these two corporate Defendants, they are apparently no longer in operation. Neither corporate defendant has filed a brief in opposition to Plaintiffs' properly supported Motion for Summary Judgment. Thus, the corporate defendants have not challenged Plaintiffs' assertion that withdrawal liability should be imposed against them, nor have they disputed Plaintiffs' determination of withdrawal liability in the amount of $517, 480.55. (*See* Pls.' Ex. J). Accordingly, the Court shall grant the Motion for Summary Judgment as to the two corporate defendants.

## CONCLUSION AND ORDER

For the reasons above, Plaintiffs' Motion for Summary Judgment is GRANTED as to the Corporate Defendants, Wolf Mechanical, Inc. and Wolf Plumbing, Inc. The motion is DENIED WITHOUT PREJUDICE as to the individual defendants, Rodney Wolf and Dawn Valasin, due to the automatic bankruptcy stay.

Pursuant to FED. R. CIV. P. 54(b) the Court finds that there is no reason to delay the issuance of a final judgment as to the corporate defendants. Plaintiffs' Counsel is directed to submit a proposed final judgment as to the corporate defendants only.

5

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

6